UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CORTEZ A. JONES,

        Plaintiff,

        v.                                    Case No. 23-C-1659

HANNAH ALEXANDER, et al.,

        Defendants.

---

## SCREENING ORDER

---

Plaintiff Cortez A. Jones, who is in custody at the Milwaukee County Jail and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Plaintiff's motion for leave to proceed without prepayment of the filing fee and to screen the complaint.

**MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE**

Plaintiff has requested leave to proceed without prepayment of the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $29.50. Plaintiff's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, Plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

2

alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

Plaintiff is a pretrial detainee at the Milwaukee County Jail. Dkt. No. 1. Defendants are Hannah Alexander, Randoll Wilborn, Brendt A. Van Wagoner, Joshua Briggs, Denarris White, Jeffery Leflore, Jordan Taylor, Weston Rolbiecki, Cassandra Jordan, Precious Benjamin, Bradley Evan, Alex Martinez, Lt. Emanuele, Capt. Hannah, Denita Ball, and John/Jane Doe Officers. *Id*. at 1.

According to the complaint, on or around August 12, 2023, Plaintiff and 26 other inmates were "peacefully protesting" at the library in connection with various grievances, including lack of access to attorney phone calls, moldy showers, cold food, and daily verbal harassment by new and untrained correctional officers. *Id*. at 2. At some point during the protest, a correctional officer threw pepper-spray and water into the library, and Plaintiff was subsequently handcuffed. *Id*. According to Plaintiff, even though he was not resisting after he was handcuffed, Lt. Alexander allegedly tazed him in the chest; and CO Taylor allegedly "grabbed [his] nuts and penis," which caused significant pain and mental anguish. *Id*. at 2-3. Plaintiff notes that there was water all over his head and body, so the taser caused an extremely painful electric shock. *Id*. Plaintiff was also repeatedly beaten with baton sticks, which caused a shoulder fracture and cracked teeth. *Id*. at 3.

Since the incident, Plaintiff alleges that "it's been retaliation every day," including cold food, no phone calls, confiscation of legal documents, denial of access to attorneys and the Court, denial of scrivening materials, denial of hygiene materials, and failure to sanitize. *Id*. Plaintiff has become suicidal and is experiencing emotional distress, psychological pain, lack of sleep, and

3

constant fear for his life. *Id*. For relief, Plaintiff seeks monetary damages and injunctions. *Id*. at 4.

### THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

Because Plaintiff is a pretrial detainee, his rights arise under the Fourteenth Amendment. *Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018) (citing *Kingsley v. Hendrickson*, 576 U.S. 389 (2015)). To state an excessive force claim under the Fourteenth Amendment, Plaintiff must allege that: (1) Defendants used force purposefully, knowingly, or perhaps even recklessly; and (2) Defendants' use of force was objectively unreasonable. *Id.* at 353–54; *see also Hardeman v. Curran*, 933 F.3d 816, 822 (7th Cir. 2019). In determining whether force used was objectively unreasonable, the Court considers such factors as the relationship between the need for force and the amount of force that was used, the extent of any injuries the plaintiff suffered, and the severity of the security problem. *Kingsley*, 576 U.S. 397.

Plaintiff alleges that Lt. Alexander and CO Taylor used objectively unreasonable force on August 12, 2023. Plaintiff states that he was not actively resisting once he was handcuffed at the "peaceful protest" in the library, yet Lt. Alexander tazed him while he was covered in water, causing a painful electric shock, and CO Taylor unnecessary grabbed his private parts with extreme force. Plaintiff also alleges that Lt. Alexander and CO Taylor beat him with a baton so severely that he suffered a fractured shoulder and cracked teeth. Based on these allegations the Court can

4

reasonably infer that Lt. Alexander and CO Taylor may have used more force than reasonably necessary to contain the allegedly "peaceful protest" on August 12, 2023. Therefore, Plaintiff may proceed on a Fourteenth Amendment excessive force claim against Lt. Alexander and CO Taylor in connection with the August 12, 2023 incident.

The Court will dismiss the remainder of the defendants from this case. Plaintiff does not allege any specific facts against Wilborn, Van Wagoner, Briggs, White, Leflore, Rolbiecki, Jordan, Benjamin, Evan, Martinez, Lt. Emanuele, Capt. Hannah, Ball, and John/Jane Doe Officers. The complaint, therefore, does not give these individuals adequate notice of the claims against them. *See Ashcroft*, 556 U.S. at 678-70 (noting that a complaint must at least provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.).

## CONCLUSION

The Court finds that Plaintiff may proceed on a Fourteenth Amendment excessive force claim against Lt. Alexander and CO Taylor in connection with the August 12, 2023 incident.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Wilborn, Van Wagoner, Briggs, White, Leflore, Rolbiecki, Jordan, Benjamin, Evan, Martinez, Lt. Emanuele, Capt. Hannah, Ball, and John/Jane Doe Officers are **DISMISSED** from this case.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between Milwaukee County and this Court, copies of Plaintiff's complaint and this order are being electronically sent today to Milwaukee County for service on Lt. Alexander and CO Taylor.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between Milwaukee County and this Court, Lt. Alexander and CO Taylor shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the **$320.50** balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, the transferring institution shall forward a copy of this order along with Plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Plaintiff is confined.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for filing to the Court to the following address:

>Honorable William C. Griesbach
>c/o Office of the Clerk

United States District Court
Eastern District of Wisconsin
125 S. Jefferson Street, Suite 102
Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties. Therefore, failure to provide your correct address could result in dismissal of your case for failure to prosecute.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Plaintiff may find useful in prosecuting this case.

Dated at Green Bay, Wisconsin this 29th day of February, 2024.

s/ William C. Griesbach
William C. Griesbach
United States District Judge